**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0917-24

JOHN SCHMIRSKY and
KIMBERLY SCHMIRSKY,
husband and wife,

     Plaintiffs-Appellants,

v.

TOWNSHIP OF WINSLOW and
GARRISON ARCHITECTS, PC,
jointly, severally, and in the
alternative,

     Defendants-Respondents.

_____

Argued January 12, 2026 – Decided March 19, 2026

Before Judges Sabatino and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-1460-22.

Anthony Granato argued the cause for appellants (Jarve Granato Starr, LLC, attorneys; Anthony Granato, on the briefs).

Karyn Dobroskey Rienzi argued the cause for respondent Township of Winslow (Post & Schell, PC, attorneys; Karyn Dobroskey Rienzi, on the brief).

PER CURIAM

Plaintiffs John and Kimberly Schmirsky[1] appeal a trial court order granting summary judgment to defendant, Township of Winslow, ("the Township") finding the Township did not owe a duty of care to plaintiff surrounding his fall from a ladder while performing work on Township property. After our de novo review of the record and application of the relevant legal principles, we affirm.

I.

On March 20, 2020, the Township executed a contract with Aliano Brothers General Contractors, Inc. ("Aliano") to construct a one-story addition and renovations to the Township Senior Center in Atco. Plaintiff was employed as a carpenter for Aliano. The contract provided the Township the right to attend all project meetings which included discussions about job safety. The contract also included a provision requiring Aliano's equipment to be "unused" and in

---

[1] "Plaintiff" hereinafter refers to John Schmirsky as Kimberly Schmirsky's claims are per quod only.

2

A-0917-24

safe condition. Notably, it provided the Township the right to stop work deemed unsafe, and the right to take corrective action.

In the morning of July 6, 2020, plaintiff fell from an extension ladder while working on the Township Senior Center sustaining injuries. Plaintiff claims the accident occurred because the rubber shoe on the foot of the ladder allegedly dislodged, exposing the metal bottom of the ladder, containing several screw heads, to the smooth concrete floor, causing the ladder to slip or "kick" out. No witnesses observed plaintiff falling from the ladder. Other employees reported they heard a loud noise and saw plaintiff hit the concrete floor headfirst.

In June 2022, plaintiff initiated a complaint against the Township and defendant Garrison Architects. The Township filed its answer denying liability shortly thereafter. Garrison Architects was later dismissed from the litigation.

At his deposition, plaintiff testified he was assigned to the Township Senior Center project. He stated the extension ladder he used was owned by Aliano and had been on the construction site approximately ten weeks before the accident. Plaintiff stated he performed daily inspections of equipment including ladders as part of his practice as a carpenter. Plaintiff testified he inspected the extension ladder he was using prior to his accident and at no point

3

saw anything wrong with it, although he noticed the ladder was not new because it was not "shiny and neat."

Plaintiff's liability expert John Whitty, P.E.'s report, opined a dangerous condition existed on the project site during the course of work that went unaddressed by the Township and resulted in a serious injury to plaintiff. He determined that adequate fall protection was not provided, in violation of OSHA regulations. Further, Whitty opined that the Township did not properly exercise control over the work at the site and did not enforce provisions of the contractual relationship with Aliano as required, particularly supervision of safety on the work site and inspection of the equipment. Plaintiff's other liability expert, David Schoenard, AIA, opined defendant failed to recognize and act upon an imminent safety risk while plaintiff was performing his work, which resulted in a serious injury. Schoenard also opined the Township failed to meet contractual obligations and failed to ensure industry standards, including OSHA safety requirements.

Following the close of discovery, defendant moved for summary judgment, which plaintiff opposed. After oral argument, the trial court issued an oral decision along with a written order granting defendant's motion for summary judgment and dismissing plaintiff's complaint with prejudice against

A-0917-24

the Township.  The following notable portions of the record demonstrate the court's rationale and basis for its decision.

> THE COURT: [W]hat the plaintiff is seeking to do in this case is in essence, and probably because of some of the language in the contract.  Is to impose a duty on Winslow Township to actively supervise every aspect of the work.  Because if I rule, I favor of the plaintiff on this motion, the only way a municipality could avoid this result, is if they in essence – if they become the general contractor in the case.
>
> . . . .
>
> THE COURT: I wanted to discuss now the second issue under 59:4-2 just to use that as the issue.  "[Is] this a dangerous condition of the property?["]  It's not a classic dangerous condition.  It was basically a ladder was used on the project on Winslow Township property.  Anybody have any published decision that basically deals with -- it doesn't have to be a ladder . . . where somebody brings some object onto a property and that somehow then -- and uses it, and that somehow then makes the property itself a dangerous condition under 59:4-2.

The court ultimately concluded:

> There['s][] probably at least two separate theories.  One is [N.J.S.A.] 59:4-2.  The other one is ordinary negligence.  And ordinary negligence would kick in if I determine that the conduct of Winslow Township in terms of the contract provisions, attending safety meetings . . . in essence created the duty to supervise this project identically to that of the general contractor.  That's where . . . I'm drawing the line.  And to comment on [counsel]'s comment about the contract requiring

5

A-0917-24

good, non-used ladders . . . . That's another good example of the paradox where . . . if a municipality said in the contract, you're to use the cheapest, oldest ladders because we want to sa[v]e taxpayer money. And in order for us to get the lowest bid for this project, we are requiring the general contractor use the oldest most decrepit ladders in the project. I think [that is] a stronger argument perhaps for liability. [] But to say they ought to use the best stuff and we're willing to pay for it because that's go[ing to] be reflected in the contract price, I think it's perverse to then say that's the reason why you're in the lawsuit. Anyway, we're going in circles. I'm granting the motion for the reasons that I discussed. And that will conclude the matter.

Plaintiff appeals from the trial court's grant of summary judgment dismissing his complaint against the Township with prejudice. To the best we can discern from the several points listed in plaintiff's appeal, he is asserting the Township as a "joint entity" and co-contractor had a contractual duty to ensure Aliano's equipment was safe and to provide a safe workplace. Plaintiff asserts the Township breached this duty by permitting a defective ladder to be used by plaintiff and not properly supervising safety aspects of the work site. Plaintiff further contends he has overcome the presumption of immunity under the New Jersey Tort Claims Act ("TCA"), N.J.S.A. 59:1-1 to -12-3, because issues of material fact existed showing the defective ladder was a dangerous condition at the time of the accident, the Township created the dangerous condition or had actual or constructive notice of the dangerous condition, it was foreseeable the

6

condition of the ladder could cause an injury to its user, and the Township was palpably unreasonable by not remediating the dangerous condition of the ladder.

II.

Our review of a trial court's summary judgment decision is de novo. DeSimone v. Springpoint Senior Living, Inc., 256 N.J. 172, 180 (2024). "Summary judgment should be granted . . . 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

"The court's function is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" Rios v. Meda Pharm., Inc., 247 N.J. 1, 13 (2021) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)). That standard requires us to "determine whether 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.'" Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (quoting R. 4:46-2(c)). We do not defer to the trial court's

A-0917-24

legal analysis or statutory interpretation.  RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018); Perez v. Zagami, LLC, 218 N.J. 202, 209 (2014). If there is no genuine issue of fact, we then decide whether the trial court's ruling on the law was correct.  Walker v. Atl. Chrysler Plymouth, 216 N.J. Super. 255, 258 (App. Div. 1987).

We first address plaintiff's contention that the Township as a "joint entity" and "co-contractor" had a contractual duty to ensure Aliano's equipment was in a safe condition and to provide a safe workplace and breached this duty by allowing plaintiff to use a defective ladder.  Plaintiff specifically contends the contract between the Township and Aliano contained specifications that provided the Township with a right to inspect the equipment and the responsibility to ensure on-site safety.  Plaintiff argues the Township should have been aware of safety issues through its attendance at the "daily construction meetings" that addressed work site safety.  Most importantly, plaintiff contends the Township had a duty to plaintiff because it was responsible for the manner and means of construction for the project and negligently performed its ministerial functions pursuant to N.J.S.A. 59:3-2(d).  Based upon our thorough review of the record, we are not persuaded by plaintiff's arguments.

"To sustain a cause of action for negligence, a plaintiff must establish four

A-0917-24

elements: '(1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages.'" Townsend v. Pierre, 221 N.J. 36, 51 (2015) (quoting Polzo v. Cnty. of Essex, 196 N.J. 569, 584 (2008)). "[T]he question of whether a duty exists is a matter of law properly decided by the court." Strachan v. John F. Kennedy Mem'l Hosp., 109 N.J. 523, 529 (1988).

Here, plaintiff stresses the Township was a general contractor or a "co-contractor" with Aliano to support its argument the Township had a direct duty of care to plaintiff. Ordinarily, a general contractor "is not liable for injuries to employees of [a] subcontractor resulting from either the condition to the premises or the manner in which the work is performed." Wolczak v. Nat'l Elec. Prods. Corp., 66 N.J. Super. 64, 71 (App. Div. 1961); see also Muhammad v. N.J. Transit, 176 N.J. 185, 199 (2003). "The premise underlying that approach is that a general contractor 'may assume that the independent contractor and [its] employees are sufficiently skilled to recognize the dangers associated with their task and adjust their methods accordingly to ensure their own safety.'" Tarabokia v. Structure Tone, 429 N.J. Super. 103, 113 (App. Div. 2012) (quoting Accardi v. Enviro-Pak Sys. Co., 317 N.J. Super. 457, 463 (App. Div. 1999)).

Nonetheless, exceptions to the general principle have come to be accepted. Therefore, "a general contractor may be liable for a subcontractor's [or

9

independent contractor's] negligence where [the general contractor] retains control of the manner and means of doing the work contracted for." Ibid. "A general contractor may also be liable where [they] knowingly engage[] an incompetent subcontractor or where the work contracted for constitutes a nuisance per se, namely, is inherently dangerous." Ibid.

"Although a foreseeable risk is the indispensable cornerstone of any formulation of a duty of care, not all foreseeable risks give rise to duties." Dunphy v. Gregor, 136 N.J. 99, 108 (1994). "Ultimately, [determining] whether a duty exists is a matter of fairness," ibid., and involves a complex analysis that "weigh[s], and balance[s] several factors—the relationship of the parties, the nature of the attendant risk, the opportunity and ability to exercise care, and the public interest in the proposed solution." Alloway v. Bradlees, Inc., 157 N.J. 221, 230 (1999) (internal quotation marks omitted) (quoting Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 439 (1993)). "The analysis is both very fact-specific and principled; it must lead to solutions that properly and fairly resolve the specific case and generate intelligible and sensible rules to govern future conduct." Hopkins, 132 N.J. at 439.

Plaintiff's singular contention is that the Township controlled the "methods and means" of the project thereby satisfying the exception in

A-0917-24

Tarabokia to impose a duty of care on the Township for plaintiff's safety. We reject this contention as no evidence in the record supports plaintiff's argument that the Township retained control over any aspects of the project or provided the safety equipment and materials used for the project, including the ladder from which plaintiff fell. Additionally, no evidence exists in the record that the provision of the contract permitting the Township to visit the site and stop the project, if necessary, was sufficient to create a duty of care to the Township for the safety of Aliano's employees such as plaintiff.

We conclude the Township's authority constituted a general right to supervision over the project, not control over the manner and means of same that would create a duty. A general contractor's immunity, "[is not] disturbed by the exercise of merely such general superintendence as is necessary to insure that the subcontractor performs his agreement." Muhammed, 176 N.J. at 199. No factual issue exists in the record that Aliano, not the Township, was responsible for the methods and means for the construction project, including its responsibility to provide a safe worksite to its employees.

We note, plaintiff has not argued that the Township satisfied either of the two other exceptions in Tarabokia, as there are no allegations the Township

11

engaged an incompetent co-contractor/subcontractor by awarding Aliano the contract or that the work contracted for was inherently dangerous.

We further reject plaintiff's contention that the Township's attendance at safety meetings was sufficient to create factual issues to support plaintiff's assertions that the Township exercised control over the manner and means for the project. No evidence exists that the Township ever exercised control over any construction or safety aspect of the project during the approximate ten weeks from the start of the project to the time of plaintiff's fall, clearly showing its contract with Aliano did not intend for the Township to exercise control over the manner and means of the project. The record clearly supports that plaintiff's employer, Aliano, not the Township, controlled the manner and means for the project, was responsible for its employees' safety and owned and supplied the ladder from which plaintiff fell on the date of the incident.

Additionally, there is no duty of care based solely on a finding that OSHA regulations had been violated. Alloway, 157 N.J. at 236; Costa v. Gaccione, 408 N.J. Super. 362, 372-73 (App.Div.2009). Rather, a general contractor's duty of care is determined under "general negligence principles." Alloway, 157 N.J. at 230. OSHA violations are only a factor in that analysis.

A-0917-24

Because we have determined the Township did not owe a duty of care to plaintiff surrounding the condition of the ladder—a necessary element of plaintiff's negligence claim against the Township—plaintiff's contention he has overcome the Township's presumptive immunity from liability under the TCA is moot.

To the extent we have not addressed any of plaintiff's remaining arguments, we conclude those arguments are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

13

A-0917-24